IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LUCAS MCCOMBS | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   Civil Action No. |
| | ) |
| ONE ADVANTAGE, LLC, | ) |
| | )   <u>Jury Trial Demanded</u> |
|     **Defendant.** | ) |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and 15 U.S.C. § 1692k(d).

2. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") by Defendant in its illegal efforts to collect consumer debts.

3. Venue is proper in this District because the acts and transactions occurred here.

### PARTIES

4. Plaintiff Lucas McCombs (hereinafter referred to as "Plaintiff") is a natural person who resides in Roane County, Tennessee and a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant One Advantage, LLC, (hereinafter "One Advantage") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), that maintains CT Corporation System, 800 S. Gay St., Ste 2021, Knoxville, TN 37929-9710 as its registered agent for service of process.

### FAIR DEBT COLLECTION PRACTICES ACT

6. The FDCPA is a federal statute which regulates debt collectors in the collection of consumer debts. **See 15 U.S.C. §§ 1692** *et seq.*

7. Congress passed the FDCPA because "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors . . . , [e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers . . ., and [m]eans other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. §§ 1692 (a), (b), and (c).

8. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692 (e).

9. In *Stratton v. Portfolio Recovery Associates, LLC*, 770 F.3d. 443, 448-449 (6th Cir. 2014), the Sixth Circuit reaffirmed that: "'The Fair Debt Collection Practices Act is an extraordinarily broad statute' and must be construed accordingly." *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992); *see also Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014).

## FACTUAL ALLEGATIONS

10. Defendant has alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely, a debt allegedly originally owed to Career Education Corp. for unpaid tuition for classes at Colorado Technical University ("CTU").

11. Plaintiff admits applying to attend CTU but never enrolling, registering for classes, and/ or attending any other school owned by Career Education Corp.

12. After the alleged default, Defendant purchased or began servicing the debt for purposes of collection from Plaintiff.

13. Defendant regularly engages in collection of consumer debts owed or due or asserted to be owed or due another and attempts to collect them by making telephone calls, and/or sending collection letters.

14. On or about July 4, 2016, Defendant sent a collection letter to the Plaintiff. *Copy of July 4, 2016 collection letter filed as Exhibit 1 to this Complaint.*

15. The letter alleged that the balance owing on the account was $1,201.33. *See Ex. 1, pg. 1.*

16. The letter further alleged that the "loan date" was October 9, 2010. *See Ex. 1, pg. 2.*

17. In response to the collection letter, Plaintiff contacted the original creditor and received a ledger card and an email from Crystal Joseph, who, upon information and belief is an employee of the original creditor. *Copy of Ledger Card and E-mail filed respectively as Exhibits 2&3 to this Complaint.*

18. Although disputed by the Plaintiff that he took any action other than applying to attend CTU, the ledger card shows that the alleged tuition and fees were incurred no later than May 16, 2010. *See Ex. 2.*

19. Although disputed by the Plaintiff, Ms. Joseph's email states that Plaintiff started CTU on May, 16, 2010 and ceased attending on June 14, 2010. *See Ex. 3.*

20. Plaintiff never paid any monies to CTU other than the original $50.00 application fee on April 7, 2010 and denies ever incurring any additional debts with Career Education Corp., CTU, or the Defendant.

*Misleading/Incorrect Loan Date*

21. In the collection letter, Defendant states that the "loan date" was October 9, 2010. *See*

*Ex. 1, pg. 2.*

22. Upon information and belief, the alleged tuition was incurred on May 16, 2010. *See Ex. 2.*

23. Plaintiff made no payments on the account to Career Education Corp., CTU other than the initial application fee on April 7, 2010, nor has he made any payments to the Defendant herein.

24. By alleging a false, misleading, and/or incorrect "loan date" Defendant made a false, deceptive, or misleading representation that would be confusing to the least sophisticated consumer in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10) and 1692f.

### *Solicitation to Settle a Time-Barred Debt*

25. The July 4, 2016 collection letter stated: "We have been authorized to offer a discount to resolve the outstanding balance on the above client. Simply remit $780.86 by 07/22/16, and your account(s) will be considered settled by the client." *See Ex. 1*

26. The debt alleged to be owed by Plaintiff went into default in May 2010.

27. Pursuant to Tenn. Code Annot. § 28-3-109, an action for breach of contract or on sworn account must be commenced within six (6) years after the cause of action has accrued.

28. Nothing in the July 4, 2016 collection letter disclosed that the debt was barred by the statute of limitations.

29. Nothing in the July 4, 2016 collection letter disclosed that a partial payment on a time-barred debt restarts the statute of limitations clock under Tennessee law. *See Graves v. Sawyer*, 588 S.W.2d 542, 544 (Tenn. 1979).

30. A settlement offer such as the one contained in the July 4, 2016 collection letter could mislead the reasonable unsophisticated consumer that the Defendant held a legally enforceable obligation.

31. By soliciting to settle a time-barred debt, without notifying the Plaintiff that the limitations period had expired and that a partial payment would restart the statute of limitations clock the Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10) and 1692f(1). *See Buchanan v. Northland Group, Inc.* 776 F.3d 393 (6th Cir. 2015) and *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014).

*Summary*

32. The above-detailed conduct by the Defendant in connection with collection of the debt and in an attempt to collect the debt was conduct in violation of multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

**TRIAL BY JURY**

33. Plaintiff is entitled to and hereby respectfully demands a trial by jury. ***U.S. Const. amend. 7; Fed.R.Civ.P. 38.***

**CAUSES OF ACTION**

**COUNTS I-V.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692f and 1692f(1)**

34. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

35. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-

cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiff.

36. As a result of the Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNTS I-V

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692f and 1692f(1)**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 against Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant, and for Plaintiff; and

- for such other and further relief as may be just and proper.

2/14/17            Respectfully submitted,

**LUCAS MCCOMBS**

/s/ Brent S. Snyder
Brent S. Snyder, Esq., BPR #021700
2125 Middlebrook Pike
Knoxville, TN 37921
(865) 546-2141
Brentsnyder77@gmail.com